IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG -1 AM 10:59

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              No. 03-20400 B

LOGAN YOUNG,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION TO STAY
FORFEITURE PROCEEDINGS PENDING APPEAL OR, IN THE ALTERNATIVE,
TO ALLOW POSTING OF SURETY BOND

---

On June 20, 2005, judgment was entered against the Defendant, Logan Young, adjudicating him guilty of violations of 18 U.S.C. §§ 371, 1952 and 2, as well as 31 U.S.C. § 5324(a)(3). Young was further ordered to forfeit the amount of $96,100.00. Before the Court is the Defendant's June 15, 2005 motion, pursuant to Rule 32.2(d) of the Federal Rules of Criminal Procedure, to stay forfeiture proceedings pending appeal of this matter to the Sixth Circuit Court of Appeals or, in the alternative, to permit the posting of a surety bond. As the Government has responded to the motion, it is appropriate for disposition.

Rule 32.2(d) provides in pertinent part that "[i]f a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to insure that the property remains available pending appellate review." Fed. R. Crim. P. 32.2(d). Factors to be considered in determining the appropriateness of staying a forfeiture order include: "(1) the likelihood of success on appeal"; "(2) whether the forfeited asset will likely depreciate over time"; "(3) the forfeited asset's intrinsic value to the Defendant (the availability of substitutes)"; "and (4)

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 8-1-05

the expense of maintaining the forfeited property." United States v. Riedl, 214 F.Supp.2d 1079, 1082 (D. Haw. 2001); see also United States v. Hronek, No. 5:02-CR-142, 2003 WL 23374653, at *1 (N.D. Ohio Aug. 4, 2003) (citing Riedl factors). Whether to grant a stay of forfeiture lies within the discretion of the trial court. Riedl, 214 F.Supp.2d at 1082.

In support of his position, the Defendant argues that he has presented on appeal a non-frivolous issue as to whether he is in possession of forfeitable assets and that his net worth is far beyond the amount of the forfeiture. With respect to the first factor, it is the "likelihood of success on appeal" that tips the scale in favor of a defendant, not the mere fact that he has filed a non-frivolous appeal. The Court, in an order entered June 9, 2005, denied Young's post-judgment motion for, among other things, relief from the jury's special verdict finding forfeiture warranted. Specifically, the Court disagreed with the Defendant's contention that he was not in possession of forfeitable assets. Based on the Court's decision, it cannot find at this juncture that the first factor weighs in his favor.

The second factor also favors the Government, as the forfeitable assets, which are in the form of cash, will not depreciate during the pendency of Young's appeal. So does the third factor. There is no suggestion here that the cash to be forfeited has any unique or special intrinsic value. See Riedl, 214 F.Supp.2d at 1082-83 (forfeited properties which were commercial rental locations lacked special intangible value and, therefore, did not support the granting of a stay); United States v. Bachner, 741 F.Supp. 221, 222 (S.D. Fla. 1990) (noting that private residences and unique real property weigh in favor of the stay). Finally, the fourth factor does not support a stay, since there is no indication of any expense to be incurred by the Defendant for maintaining the forfeited property in his bank account.

2

As the relevant factors weigh in favor of the Government, the Court finds no basis for a stay of the forfeiture proceedings in this matter. Accordingly, the motion therefor is DENIED. Based on the Court's ruling, the Defendant's alternative request for permission to post a surety bond through a surety company in order to secure the forfeiture amount pending appeal is moot.

IT IS SO ORDERED this 31st day of July, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 205 in case 2:03-CR-20400 was distributed by fax, mail, or direct printing on August 1, 2005 to the parties listed.

---

Thomas M. Leveille
HAGOOD TARPY & COX, PLLC
2100 Riverview Tower
900 S. Gay St.
Knoxville, TN 37902

Charles A. Wagner
WAGNER MYERS & SANGER
800 S. Gay St.
Ste. 1801
Knoxville, TN 37929

Keltie Hays
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Robert L. Hutton
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Lori Hackleman Patterson
ALLAN J. WADE, PLLC.
119 S. Main St.
Ste. 700
Memphis, TN 38103

James F. Neal
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Allan J. Wade
BAKER DONELSON BEARMAN & CALDWELL
2000 First Tennessee Bldg.
Memphis, TN 38103

John W. Pierotti
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

L. Jeffrey Hagood
HAGOOD TARPY & COX, PLLC
2100 Riverview Tower
900 S. Gay St.
Knoxville, TN 37902

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Frederick H. Godwin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT