FILED BY _____ D.C.

05 AUG -9 AM 6: 57

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff, | * | |
| v. | * | Crim. No. 03-20400-B |
| LOGAN YOUNG, | * | |
| Defendant. | * | |
| | * | |

**CONSENT PRELIMINARY ORDER OF FORFEITURE**

In Indictment Number 03-20400-B, the United States sought forfeiture of specific property of defendant Logan Young, pursuant to 31 U.S.C. §5317. On February 3, 2005, a jury returned a special verdict specifying the amount of forfeiture at $96,100.00.

Accordingly, it is **ORDERED**:

1. Based upon the jury's verdict in Case Number 03-20400-B, the United States is authorized to seize the following property belonging to defendant Logan Young, and his interest in it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. §853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure:

   **The Sum of Ninety-Six Thousand One Hundred Dollars ($96,100.00) in U.S. funds.**

2. The forfeited property shall be remitted by the defendant to the United States

1

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on  8-9-05



District Court Clerk on or before August 12, 2005. The Clerk shall pay the funds to the United States Marshal to be held in his secure custody, or, as may be necessary, the Attorney General may appoint a substitute custodian.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal shall publish at least once a week for three successive weeks in a newspaper of general circulation in Shelby County, Tennessee, notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General or his delegate may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States Marshal or his delegate may use the attached Legal Notice.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final for purposes of appeal as to the defendant as of the date of sentencing. The Court acknowledges that Defendant is in the process of appealing to the United States Court of Appeals

2

for the Sixth Circuit, the legality of the forfeiture award. By entering this consent order, Defendant is not compromising in any way his right to review of the forfeiture by the United States Court of Appeals for the Sixth Circuit, as is currently pending in *U.S.A. v. Logan Young*, Dk. #05-6008.

6. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2); subject only to reversal on appeal.

7. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), for the filing of third party petitions.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 8th day of August, 2005.

J. DANIEL BREEN
United States District Judge

3

APPROVED AND CONSENTED:

    TERRELL L. HARRIS
    United States Attorney

By:   _____
    CHRISTOPHER E. COTTEN
    Assistant United States Attorney


_____
ROBERT HUTTON
Attorney for the Defendant

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 209 in case 2:03-CR-20400 was distributed by fax, mail, or direct printing on August 9, 2005 to the parties listed.

---

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Frederick H. Godwin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Charles A. Wagner
WAGNER MYERS & SANGER
800 S. Gay St.
Ste. 1801
Knoxville, TN 37929

Thomas M. Leveille
HAGOOD TARPY & COX, PLLC
2100 Riverview Tower
900 S. Gay St.
Knoxville, TN 37902

L. Jeffrey Hagood
HAGOOD TARPY & COX, PLLC
2100 Riverview Tower
900 S. Gay St.
Knoxville, TN 37902

Allan J. Wade
BAKER DONELSON BEARMAN & CALDWELL
2000 First Tennessee Bldg.
Memphis, TN 38103

John W. Pierotti
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Lori Hackleman Patterson
ALLAN J. WADE, PLLC.
119 S. Main St.
Ste. 700
Memphis, TN 38103

James F. Neal
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Robert L. Hutton
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Keltie Hays
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Honorable J. Breen
US DISTRICT COURT