IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                 No. 03-20400 B

LOGAN YOUNG,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL
BASED ON NEWLY DISCOVERED EVIDENCE AND FOR
EVIDENTIARY HEARING

---

This prosecution involved the payment by the Defendant, Logan Young, a "booster" for the University of Alabama football program, of money to Lynn Lang,[1] a teacher and football coach at Trezevant High School in Memphis, Tennessee, in exchange for influencing a talented student-athlete, Albert Means, to sign with Alabama. In a three-count indictment filed October 30, 2003, Young was charged with: (1) conspiracy to travel and use interstate commerce in aid of racketeering and to structure a financial transaction to evade federal reporting requirements; (2) bribery of a public servant; and (3) structuring, for purposes of evading reporting requirements, a $150,000 financial transaction while violating another federal law, specifically, "travel and use of facilities in interstate commerce in aid of racketeering, and as part of a pattern of illegal activity involving more than one hundred thousand dollars ($100,000.00) in a twelve (12) month period," in violation of 18 U.S.C. §§ 371 and 1952, and 31 U.S.C. § 5324(a)(3). The indictment also alleged forfeiture in the

---

[1] Lang plead guilty to conspiracy to defraud the United States in a separate case in this district and has been sentenced.



amount of $150,000.00 with respect to Count 3, pursuant to 31 U.S.C. § 5317(c)(1)(A). Following trial, the jury entered a verdict on February 2, 2005, finding Young guilty as to Counts 1 through 3 of the indictment. After being instructed by the Court to resume deliberation as to the forfeiture allegation, the jury, on February 3, 2005, issued a special verdict on forfeiture in the amount of $96,100.00.

On June 9, 2005, this Court denied a motion filed by the Defendant pursuant to Rule 33 of the Federal Rules of Criminal Procedure challenging various jury instructions utilized at trial. Before the Court is an "amendment" to the initial motion, filed the same day as the Court's order, this time seeking a new trial based on newly discovered evidence.[2] The "amendment," along with the Defendant's June 23, 2005 motion for an evidentiary hearing in connection therewith, are currently before the Court.

Rule 33(b)(1) permits the filing of a motion for new trial based on newly discovered evidence within three years after entry of the verdict. Fed. R. Civ. P. 33(b)(1). Prior to reaching the merits of the motion, however, the Court must first address certain procedural issues raised by the parties. In its response, the Government posits that, since the Defendant filed a timely notice of appeal on June 23, 2005, this Court cannot, under the Federal Rules of Criminal Procedure, grant the motion as it lacks jurisdiction until the case is remanded by the Sixth Circuit Court of Appeals. The Plaintiff bases its contention on additional language found in Rule 33(b)(1), stating that "[i]f an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." However, as has been pointed out by the Defendant, the Federal Rules of Appellate Procedure

---

[2]The motion also asked for a continuance of sentencing, which occurred on June 9 and 13, 2005. Accordingly, the portion of the motion seeking such relief is moot.

2

provide that "[a] notice of appeal filed after the court announces a decision, sentence, or order--but before it disposes of [a motion for new trial under Fed. R. Crim. P. 33]--becomes effective upon the later of . . . the entry of the order disposing of the last such remaining motion; or . . . the entry of the judgment of conviction." Fed. R. App. P. 4(b)(3)(B). Thus, as the notice of appeal has not yet become effective, this Court finds that it possesses jurisdiction to decide the instant motion. See Johnson v. United States, 246 F.3d 655, 659 (6th Cir. 2001) (period for filing notice of appeal tolled during pendency of Rule 33 motion); United States v. Powers, 168 F.3d 943, 947-48 (7th Cir. 1999) (notice of appeal filed while Rule 33 motion pending did not become effective until entry of order disposing of the motion).

In addition, the Defendant contends in his reply brief that the Government's failure to respond to the motion within the eleven-day period prescribed by the Local Rules of this district mandates waiver of any objection it may have harbored. Indeed, Local Rule 12.1(d) provides in pertinent part that "[f]ailure to file a response will constitute a waiver of any objection which the party may have to the motion." Clearly, the Defendant is justified in taking the Government to task for its unexplained six-week delay in responding to the motion, and the Government is admonished that the Local Rules apply equally to *all* parties before the Court. In this case, however, the Court interprets the Local Rule as requiring a waiver of objection in the event there is no response at all. Here, the Government did in fact respond, albeit tardily. Finally, the Court concludes that an evidentiary hearing is not necessary. Thus, the Defendant's request therefor is DENIED.

The Court now turns to the merits of the Defendant's motion for a new trial. The Sixth Circuit utilizes a four-part test in ruling on the appropriateness of a new trial: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due

3

diligence; (3) the new evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal if the case were to be retried. United States v. Dupree, 323 F.3d 480, 488 (6th Cir. 2003) (citing United States v. Glover, 21 F.3d 133, 138 (6th Cir.), cert. denied, 513 U.S. 948, 115 S.Ct. 360, 130 L.Ed.2d 314 (1994)). The Government concedes the first prong, but disputes that the Defendant has made a sufficient showing of the remaining elements.

Rule 33 motions are disfavored and courts are instructed to grant them with caution. Turns, 198 F.3d at 586. The movant bears the burden of showing that a new trial should be granted. United States v. Seago, 930 F.2d 482, 488 (6th Cir. 1991). While the granting of a motion for a new trial is discretionary, such discretion should be used only in "extraordinary circumstances where the evidence preponderates heavily against the verdict." United States v. Pierce, 62 F.3d 818, 825 (6th Cir. 1995), cert. denied, 516 U.S. 1136, 116 S.Ct. 965, 133 L.Ed.2d 886 (1996).

The basis of the motion is an article that appeared in the June 9, 2005 issue of The Commercial Appeal, the local newspaper in Memphis, Tennessee, reciting Lang's statement to a reporter that Means and his family were aware of payments to Lang "every step of the way" and that they were paid $60,000. The Defendant insists that this information rebuts the Government's theory at trial that Means was an innocent victim who had no knowledge of the activities of Young and Lang. Moreover, the argument goes, Young may not have been convicted if the jury had known Means agreed from the beginning to attend the school chosen by the highest bidder and, if Means traveled to Alabama because he was paid by a booster, he was not influenced to do so by Lang. Further, the Defendant maintains that, if the statements made by Lang to the newspaper were true, Young's conviction was based at least in part by perjured testimony, as Lang, who testified at the Defendant's trial, failed to disclose the information during his testimony.

4

Conversely, the Government submits that this information could have been elicited from witnesses, including Lang, at trial and that the statements are cumulative and, at best, impeaching. The Court agrees. Lang testified at trial, without contradiction, that Young made payments to him in order to induce him to influence Means to attend college at the University of Alabama, and that he gave money and items to Means and his mother during the period in which he received funds from Young. Albert Means admitted receiving money and items of value from Lang. The testimony of both Lang and Means was subject to cross-examination. Answers to the questions of the amounts of money given to the Means family and the extent of knowledge Albert Means had as to the relationship between Lang and Young and what it meant for him were there for the asking. Nonetheless, the questions were for whatever reason never asked, despite Young's insistence in his reply herein that the defense theory from the outset was that Lang was a liar. Moreover, the information concerning the $60,000 amount included in the article was cumulative, as the jury knew Lang gave a substantial amount of money to the Means family. At best, it constituted impeachment evidence, as Lang had not previously disclosed the $60,000 figure.

Upon review of the pleadings as well as its detailed notes concerning the testimony adduced at trial, the Court finds a new trial unwarranted. Clearly, the evidence could have been discovered at trial through cross-examination. Moreover, the evidence is not material to the charges against Young--bribery of a public servant and structuring financial transactions--upon which what the public servant ultimately did with the funds and what Means knew simply did not turn. Rather, the evidence is "merely cumulative or impeaching" and, therefore, fails to establish the third prong of the Sixth Circuit's test for determining the appropriateness of the granting of a new trial. As to the fourth prong, the Defendant has failed to show the evidence would likely produce an acquittal if the

5

case were to be retried. Substantial documentary evidence in addition to Lang's testimony was presented at trial to support the indictment against Young, including bank and telephone records corroborating Lang's statements. Finally, with respect to any portrayal by the Government that Means was the innocent victim in the story, such a charge on behalf of the Defendant is unsupported by the record. As the Government points out, the so-called "victim" of the scheme lied to the grand jury and permitted another student to sit for the ACT examination in his place. While not innocent, Means was perhaps vulnerable. In any case, at bottom, the Defendant's position is that, had the jury known how much of a cad Lang was and that Means was not in fact taken advantage of, as he interprets the article to suggest, he would not have been convicted. In doing so, however, he ignores the bank and telephone records, the truth of which depended on the credibility of neither Lang nor Means, and which were his undoing.

For the reasons articulated herein, it is the opinion of the Court that the Defendant has not satisfied, as he must, the heavy burden of convincing the undersigned that the extraordinary remedy of a new trial based on newly discovered evidence is appropriate. Thus, the motion is DENIED.

IT IS SO ORDERED this 7th day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 221 in case 2:03-CR-20400 was distributed by fax, mail, or direct printing on November 8, 2005 to the parties listed.

---

Frederick H. Godwin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Keltie Hays
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Charles A. Wagner
WAGNER MYERS & SANGER
800 S. Gay St.
Ste. 1801
Knoxville, TN 37929

Lori Hackleman Patterson
ALLAN J. WADE, PLLC.
119 S. Main St.
Ste. 700
Memphis, TN 38103

Robert L. Hutton
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Allan J. Wade
BAKER DONELSON BEARMAN & CALDWELL
2000 First Tennessee Bldg.
Memphis, TN 38103

James F. Neal
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

L. Jeffrey Hagood
HAGOOD TARPY & COX, PLLC
2100 Riverview Tower
900 S. Gay St.
Knoxville, TN 37902

John W. Pierotti
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Thomas M. Leveille
HAGOOD TARPY & COX, PLLC
2100 Riverview Tower
900 S. Gay St.
Knoxville, TN 37902

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Honorable J. Breen
US DISTRICT COURT